IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00113-MR-WCM

| | |
|---|---|
| JEFFREY WELLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PAUL KIECKER, )<br>Administrator, )<br>U.S. Department of Agriculture, )<br>Food Safety and Inspection Service )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Upon which Relief May Be Granted [Doc. 6], the Magistrate Judge's Memorandum and Recommendation [Doc. 12] regarding the disposition of that motion, and the Plaintiff's Motion for Entry of Default [Doc. 13].

**I.     PROCEDURAL BACKGROUND**

On April 25, 2023, *pro se* Plaintiff Jeffrey Wells filed this action against Defendant Paul Kiecker, seeking judicial review of an agency action by the U.S. Department of Agriculture. [Doc. 1]. The Plaintiff claims he was

improperly issued a Citation and asks the Court to grant the Plaintiff's appeal of noncompliance with the agency. [Id.].

On June 21, 2023, the Defendant filed a Motion for Extension of Time to file his Answer. [Doc. 4]. The Court granted the Defendant's Motion and extended the deadline to July 12, 2023. [Doc. 5]. On July 12, 2023, the Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Upon which Relief May Be Granted. [Doc. 6]. On August 24, 2023, the Plaintiff filed a Response to the Defendant's Motion. [Doc. 9]. On August 31, 2023, the Defendant filed a Reply. [Doc. 10].

On December 14, 2023, the Plaintiff filed a Motion for Default on the grounds that the Defendant never responded to his Complaint. [Doc. 13]. On December 22, 2023, the Defendant filed a Response in Opposition to the Plaintiff's Motion. [Doc. 15]. The Plaintiff did not file a reply, and the time to do so has passed.

Having been fully briefed, these matters are now ripe for disposition.

II.   **DISCUSSION**

   A.   **Motion for Entry of Default**

The Plaintiff has moved for an "entry of default" on the grounds that "[n]o response was served by Defendant within the time allowed by law, nor

has Defendant sought additional time within which to respond." [Doc. 13 at 1].

Under Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of the court must enter a default against that party. Fed. R. Civ. P. 55(a).

Generally, a defendant has 21 days to serve a responsive pleading after being served with the summons and the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). United States agencies, officers, or employees, however, have 60 days to serve an answer to a complaint. Fed. R. Civ. P. 12(a)(2). Serving a motion on the court pursuant to Rule 12 further alters the time period for a responsive pleading such that "if the court denies the motion or postpones its disposition until trial," the responsive pleading is due within 14 days of the court's decision. Fed. R. Civ. P. 12(a)(4).

Here, a default under Rule 55(a) would not be appropriate. The Plaintiff filed his Complaint on April 25, 2023, and served the Defendant with the Complaint on April 26, 2023. [Docs. 1, 3]. On June 21, 2023, prior to the 60-day responsive pleading limit of Rule 12(a)(2), the Defendant filed a Motion for Extension of Time to Answer; this Court granted the Motion and extended the answer deadline to July 12, 2023. [Doc. 45]. On July 12, 2023,

the Defendant filed a Motion to Dismiss and timely served the Plaintiff. [Doc. 6]. Accordingly, because the Defendant timely filed a Motion to Dismiss under Rule 12(b) and that Motion is still pending, the Defendant has clearly not "failed to plead or otherwise defend" in a timely manner. See Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)."). The Defendant need not file an answer to the Plaintiff's Complaint until 14 days after the Court's action on the Motion to Dismiss if an answer is still required at that point. Fed. R. Civ. P. 12(a)(4).

The Plaintiff's Motion for Default is, therefore, denied.

The Plaintiff is cautioned against making future such frivolous filings without basis in law or fact. Although the Plaintiff is proceeding *pro se*, he is subject to the Rules of Civil Procedure and the Local Rules.

**B.     Motion to Dismiss**

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss.

On December 13, 2023, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss [Doc. 6] be granted and that the Plaintiff's claims be dismissed

without prejudice on the grounds that the Plaintiff had not sufficiently alleged injury in fact sufficient for standing and the matter is not ripe for adjudication. [Doc. 12 at 10-11]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Neither party filed any objections.

After careful review of the Magistrate Judge's Memorandum and Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations as to the Defendant's Motion to Dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 12] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Upon which Relief May Be Granted [Doc. 6] is **GRANTED,** and the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT FURTHER ORDERED** that the Plaintiff's Motion for Entry of Default [Doc. 13] is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge